IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEROY BOND,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

OPINION and ORDER

15-cr-01-jdp

---

Defendant LeRoy Bond has filed a motion that he says is brought under Fed. R. Civ. P. 60(b) and 18 U.S.C. § 3583(e). Dkt. 50. He contends that his sentence is void because with the lifetime term of supervised release added his total sentence exceeds the 30-year maximum for his crime of conviction, production of child pornography, in violation of 18 U.S.C. § 2251. He also contends that certain of the conditions of his supervised release are either unconstitutional or otherwise not authorized.

Because Bond is challenging aspects of his sentence, his motion is actually a petition for habeas relief, which for a federal prisoner should be brought under 28 U.S.C. § 2255. *Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012) ("Our cases make clear that we look at the substance of a motion rather than its title to determine whether it is a successive collateral attack."). I cannot consider Bond's motion because he has already filed a motion under § 2255. Dkt. 45. This makes Bond's current motion a second or successive motion for habeas relief. *Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997) ("[A] post–judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)"). He cannot file a second or successive motion for habeas relief unless he first gets approval from the court of appeals, as provided in 28 U.S.C. §§ 2244 and 2255(h). So I must

dismiss this motion for lack of jurisdiction because Bond did not obtain approval from the court of appeals. *Vitrano v. United States*, 643 F.3d 229, 232–33 (7th Cir. 2011).

But even if I were not required to dismiss it, it would not succeed on the merits. The term of supervised release that follows a term of incarceration simply does not count against the statutory maximum term of incarceration, even though the conditions of supervised release are restrictive and may seem punitive to the person under supervision. The conditions of his supervised release can be modified as appropriate when he begins his supervision. I agree that Standard Condition No. 11 will need to be clarified. But I see no problem with Special Conditions Nos. 16 and 17; they do not require Bond to pay for his treatment unless it is clear that he can afford it. Regardless, I have no authority to modify Bond's conditions in this order.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. I cannot issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although Rule 11 allows me to ask the parties to submit arguments about whether a certificate should issue, it is not necessary to do so in this case. For the reasons explained above, I conclude that Bond have not made a showing, substantial or otherwise, that he meets the requirements for a certificate of appealability. Thus, I will not issue him a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner LeRoy Bond's motion for relief from his sentence is construed as a petition under 28 U.S.C. § 2255, and the petition, Dkt. 50, is DISMISSED for lack of jurisdiction because Bond failed to obtain authorization from the Court of Appeals for the Seventh Circuit.

2. Bond is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered November 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge